Dear Mr. Marley:
On behalf of Natchitoches Parish Hospital and other interested hospital service district hospitals throughout Louisiana (the "District Hospitals") that are members of ShareCor, LLC, which you advise is a group purchasing and shared service organization composed of both District Hospitals and private hospitals acting jointly pursuant to La.R.S. 46:1079, you have requested the opinion of this office regarding the permissibility of investing public funds determined by the District Hospitals to be available for investment through the `Louisiana Hospital Investment Pool' ("LHIP"), which you describe as a pooled investment program by which a hospital's funds are transferred into trusts established for the purpose of investing the LHIP funds, and by which such funds are invested strictly in accordance with the permitted investments under La.R.S. 33:2955. The factual details relative to the LHIP program were set forth in a "Summary" attached to your request. For convenience, a copy of that Summary is included herewith and made a part hereof.
Specifically, you have requested our opinion as to whether, under the facts presented, District Hospitals may transfer public funds into the LHIP pooled investment trusts, under authority provided by La.R.S. 46:1069, for investment by the trustee as a professional financial advisor and fiduciary on behalf of the hospitals in permitted investments under La.R.S. 33:2955.
La.R.S. 33:2955 provides political subdivisions of the state, such as hospital service districts, with the authority to invest "funds under the control of the political subdivision which they, in their discretion, may determine to be available for investment" in a limited number of obligations listed therein.
Pertinently, La.R.S. 46:1069 provides:
 "Hospital service district hospitals may contract for materials, services, or supplies under a shared service or group purchasing arrangement with other hospitals, public and/or private, subject to the provisions of R.S. 38:2212."
It is our understanding that it is anticipated that the public funds of participating District Hospitals (which funds have been properly determined to be available for investment) will be transferred into LHIP investment trusts where the funds will be pooled with the funds of other participating District Hospitals and participating private hospitals. You advise that "LHIP is a pooled investment program, not an investment itself". You further advised that the LHIP trusts are, or will be established exclusively as shared service arrangements under authority of La.R.S. 46:1069 "for the exclusive purpose of investing the hospitals' funds in accordance with [La.R.S. 33:2955] and of fulfilling the [District Hospitals'] public duty thereunder, and for no other purpose or enterprise". Although both public and private funds will be pooled for investment, each hospital will own and retain a proportionate, undivided, fractional interest in each trust pool asset, and no other hospital will obtain an ownership interest in the funds of any other hospital. Administrative fees and expenses will be paid on a pro rata basis from the LHIP funds.
La.R.S. 46:1064 provides that Hospital Service Districts, as defined in La.R.S. 46:1072[1] are political subdivisions of the state. This office has previously determined that political subdivisions of this state may enter into cooperative endeavors with each other, under authority of La.R.S. 33:1321, et seq., to contract for investment services and invest in investment pools to be administered by the Office of the State Treasurer. Attorney General's Opinions Nos. 95-442; 94-186; 92-192.
Hospital service district hospitals are given specific authority to engage in shared service arrangements with other public and private hospitals the authority of La.R.S. 46:1069. As such, it is the opinion of this office that hospital service district hospitals may enter into cooperative endeavor agreements for shared investment services with other public and private hospitals and thereby transfer public funds into the LHIP pooled investment trusts, under authority provided by La.R.S. 46:1069, for investment by the trustee as a professional financial advisor and fiduciary on behalf of the hospitals, in permitted investments under La.R.S. 33:2955.
In accordance with City of Port Allen v. Louisiana Municipal RiskManagement Agency, Inc., 439 So.2d 399 (La. 1983), the LHIP investment pools should be structured such that no hospital or district could assume the assets or losses of another, in order to avoid violating La. Const. Art. VII, Sec. 14(A).
Please be advised that this opinion does not address any issue or issues under federal law, including but not limited to laws pertaining to investments, investment advisors, or securities.
We trust the foregoing to be of assistance.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ____________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI/JMZB/dam
DATE RELEASED: January 22, 2003
[1] Hospital Service Districts, as defined by La.R.S. 46:1072, means "(a) A political subdivision of the state of Louisiana organized pursuant to an Act of the Legislature of Louisiana or pursuant to R.S. 46:1051 et seq." and "(b) A hospital owned by a city, parish, or other political subdivision of the state of Louisiana or a hospital owned or operated by the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College."
 SUMMARY
1. ShareCor, LLC, is a Louisiana limited liability company and a joint venture and equally owned for-profit subsidiary of the Louisiana Hospital Association and the Metropolitan Hospital Council of New Orleans, and is a group purchasing and shared services organization created pursuant to La.Rev.Stat. 46:1069 among hospital service district hospitals (collectively, Public Hospitals) and private hospitals (collectively, with public hospitals, Hospitals) which are members of the Louisiana Hospital Association or the Metropolitan Hospital Council of New Orleans. Certain Hospitals located throughout Louisiana desire to pool their funds properly determined to be available for investment into the Louisiana Hospital Investment Pool (LHIP) for investment pursuant to an investment program (the Program).
2. The LHIP Program is created exclusively as a cooperative endeavor to fulfill the public purpose and obligation of each Public Hospital set forth in Louisiana Revised Statute 33:2955 (§ 2955) to invest "surplus" funds. LHIP is a pooled investment program, not an investment itself. Only Hospital funds will be included in LHIP, and no funds of the state treasury will be accepted. LHIP funds will only be invested in the types of investments permitted by § 2955 (the PermittedInvestments). Permitted Investments include direct United States Treasury obligations, bonds or other evidence of indebtedness issued or guaranteed by federal agencies or by U.S. Government instrumentalities, and direct security repurchase agreements of certain federal book entry only securities, as well as mutual funds which themselves hold only Permitted Investments in their portfolios and which are organized as Massachusetts business trusts having certain established criteria.
3. Each participating Hospital's investment funds will be transferred into pooled investment trusts formed for the exclusive purposes of investing the LHIP funds on behalf of the Hospitals in accordance with § 2955 and of fulfilling the Public Hospitals' public duty thereunder, and for no other purpose or enterprise. The primary investment objectives of the trusts are first to maintain the safety of principal with a high decree of liquidity and then to attempt to achieve greater investment results for the Hospitals than could be achieved by a Hospital acting individually through the following: (i) the purchase of Permitted Investments in larger volume; (ii) the investment in a diverse group of securities typically accessible only to larger institutional investors; (iii) in the case of one trust, the opportunity to invest in intermediate-term investments that may provide for a higher yield than short-term investments with the ability to make withdrawals on a weekly basis, and (iv) improved administrative efficiencies.
4. Even though all Hospital's funds are pooled for investment, each Hospital will own a proportionate, undivided, fractional interest (anInterest or Interests) in each asset comprising the LHIP pool, and no Hospital will obtain an ownership interest in funds belonging to any other Hospital. One or more accounts can be established for each Hospital transferring funds into the LHIP pool. All gains and losses generated from
5. A Hospital's Interest in LHIP is highly liquid, being redeemable without charge on the next business day following receipt of an order for the same, provided, however, that certain Interests in intermediate investments may be withdrawn without penalty on the fifth business day following receipt of an order for the same.
6. All investments of public funds will be matters of public record and subject to audit by the Legislative Auditor's Office.
7. Each trust will be managed by a trustee that is an investment advisor registered with the Securities and Exchange Commission and disqualified and licensed to do and doing business from local offices in Louisiana. The trustee is a wholly-owned subsidiary of a banking corporation organized under the laws of another state and authorized to do and doing business from branch banks in Louisiana. Each Hospital will be required to enter into an Investment and Advisory and Management Services Agreement (the Management Agreement) with the trustee. Pursuant to the Management Agreement, a Hospital will transfer its funds to be pooled in LHIP in an amount equal to its interest(s) and will retain the trustee to provide investment, advisory, and management services to the Hospital and with respect to its Interest(s). The trustee will act as a fiduciary on behalf of the Hospitals with respect to the investment of the LHIP funds, and will have the discretion to make investment decisions on behalf of each trust, provided, however, that the trustee, may only invest in Permitted Investments, and the Permitted Investments will not include any securities owned or issued by the trustee.
8. A Hospital's transfer of investment funds into the LHIP pool is a cooperative endeavor with each other participating Hospital and with the trustee as an investment advisor and fiduciary to facilitate the investment of public funds, to obtain professional financial advice and services, and to attempt to maximize the rate of return on investment of public funds through the Permitted Investments.
9. Except for the payment of reasonable fees for services rendered and administrative expenses incurred by the trustee and by ShareCor, as described in the Management Agreement, no private benefit results directly or indirectly from the LHIP Program, and no portion of public funds is used to subscribe to or purchase the stock of any corporation or association or for any private enterprise.